# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**VICKI L. BROWN,**

      **Plaintiff,**

**v.**                                                  **Case No: 6:12-cv-1193-Orl-31DAB**

**CVS PHARMACY, INC., HOLIDAY CVS, LLC,
CVS CAREMARK CORPORATION,**

      **Defendants.**

## ORDER

This cause comes before the Court on a Motion for Reconsideration (Doc. 52), filed by Plaintiff Vicki L. Brown ("Brown").

### I. Standard

The proper standard of review when considering a motion to reconsider is explained in *Prudential Securities, Inc. v. Emerson,* 919 F.Supp. 415, 417 (M.D. Fla. 1996). This Court will not amend a prior decision without a showing of "clear and obvious error where the 'interests of justice' demand correction." *Id.* at 417 (quoting *American Home Assurance Co. v. Glenn Estess & Assoc.,* 763 F.2d 1237, 1239 (11th Cir. 1985)). Furthermore, motions for reconsideration are not to be used "to raise arguments, which could and should have been made earlier." *Id.* (quoting *Lussier v. Dugger,* 904 F.2d 661, 667 (11th Cir. 1990)). The reconsideration of a previous order is an "extraordinary remedy" and "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Beeders v. Gulf Coast Collection Bureau*, 09CV00458T17EAJ, 2009 WL 3013502 (M.D. Fla. Sept. 16, 2009) (citing *Lamar Advertising of*

*Mobile, Inc., v. City of Lakeland, Fla.,* 189 F.R.D. 480, 489 (M.D. Fla. 1999)).

This Court has identified three major grounds justifying reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Sussman v. Salem, Saxon, & Nielson, P.A.,* 153 F.R.D. 689, 694 (M.D. Fla. 1994); *see also Beeders,* 2009 WL 3013502. "Motions for rehearing 'should not be used "to raise arguments which could, and should, have been made" ' earlier." *Emerson,* 919 F. Supp. at 417 (citing *Lussier v. Dugger,* 904 F.2d 661, 667 (11th Cir. 1990) (quoting *FDIC v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986)). Denial of a motion for reconsideration is proper "when the party has failed to articulate any reason for the failure to raise an issue at an earlier stage in the litigation." *Id.* (quoting *Lussier,* 904 F.2d at 667).

**II.      Discussion**

Plaintiff moves for reconsideration of a single issue. She argues that summary judgment should not have been granted in favor of Defendant on her claim for retaliation under the Family Medical and Leave Act ("FMLA"). Summary judgment was granted on that claim because there was no evidence that Plaintiff was eligible for FMLA protected leave after she returned to work on November 15, 2010. (Doc. 46). She could not, therefore, show that she was engaged in any statutorily protected activity prior to her release on indefinite leave on December 6, 2010—or any time thereafter.

In response to the Motion for summary judgment, Plaintiff's theory was that she was entitled to additional FMLA protected leave after she returned to work on November 15, 2010, for ongoing doctor's visits and any other ailment related to her October 2010 surgery. (Doc. 42 at 15) ("Defendants were well aware that Brown was in the midst of doctors' appointments for ongoing treatment due to complications from surgery when she was told 'you can't work here anymore.'

"). The Court rejected that argument and the related claim for retaliation. (Doc. 46). In a footnote, however, the Court noted that Brown did receive FMLA protected leave on October 20, 2010, but, "there is no evidence—and Plaintiff does not argue—that the adverse action taken on December 6, 2010, was causally related." (Doc. 46 at note 3). Plaintiff now, for the first time, raises that argument.[1]

Motions for reconsideration "should not be used to raise arguments which could, and should, have been made earlier." *Emerson,* 919 F. Supp. at 417. Denial of this motion is proper because Plaintiff does not explain her failure to raise this specific argument earlier, or what 'manifest injustice' will occur absent rehearing. *Id.* (quoting *Lussier,* 904 F.2d at 667). Moreover, Plaintiff fails to cite a single authority in support of her motion.

It is therefore,

**ORDERED** that Plaintiff's Motion (Doc. 52) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on July 15, 2013.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] It is unclear exactly what Plaintiff attempts to argue in her motion. She claims that it is based on the issue raised in the footnote, but the substance of her argument is identical to the one previously rejected by the Court—i.e., that Plaintiff was entitled to ongoing leave after she returned to work. Brown also raises a new argument regarding the proper calculation of FMLA eligibility hours. Neither argument is properly raised in this motion for reconsideration.